[Civ. No. 7763. Third Dist. May 31, 1950.]

ELEANOR E. HAUN, Respondent, v. LESLIE DeVAURS
et al., Appellants.

[Civ. No. 7764. Third Dist. May 31, 1950.]

MAMIE RAHILLY et al., Respondents, v. LESLIE
DeVAURS et al., Appellants.

Stephen P. Galvin and Stephen P. Galvin, Jr., for Appellants.

Samuel K. Brantley, Jr., and C. Ray Robinson for Respondents.

ADAMS, P. J.—Plaintiff Eleanor E. Haun, and plaintiffs Mamie F. Rahilly and Michael Rahilly, Jr., brought these two actions to restrain defendants Leslie DeVaurs and Margaret Patricia DeVaurs from diverting water from Middle Slough, which slough was alleged to be a natural watercourse, its waters first flowing through the property of defendants and thence through that of plaintiffs below. Plaintiffs were appropriators of specified amounts of the waters of the stream as foreign waters, that is, waters that had been abandoned by the Merced Irrigation District and permitted to flow down Middle Slough. Defendants denied such rights in plaintiffs, contending that the slough is not a natural watercourse, the waters of which are subject to appropriation, that they were not ''foreign'' waters, and that defendants had acquired a prescriptive right to such waters.

The trial court found that the slough is a natural watercourse, that its waters are mainly foreign waters, that they were subject to appropriation, and that defendants had not acquired a prescriptive right to same. Judgment was entered for plaintiffs adjudging that, as between the parties, plaintiffs had a prior and paramount right to the use of the water in the slough to the extent of their appropriations, and enjoining defendants from diverting water to which plaintiffs were entitled.

Defendants have appealed, and here contend, first, that Middle Slough is not a natural watercourse, but an artificial one, and that only waters flowing in a natural watercourse are subject to appropriation. They concede that whether a slough is or is not a natural channel is a question of fact, but urge that in this case the evidence is uncontradicted, wherefore a question of law is presented which should have been resolved in their favor.

The evidence shows that Middle Slough was originally a branch of Mariposa Creek from which it received a portion of the flow of that stream. Long prior to the beginning of these actions the upper portion of the slough was filled in by the landowners whose lands it traversed, and flow from Mariposa Creek was cut off. There is evidence, however, that where

the slough crosses the lands of the parties to this action it has a well defined channel and distinct banks of such depth and declivity that vehicles cannot be driven across it at most points. Into this channel flows water produced by rainfall on adjoining lands. It also carries waters drained from the Merced Irrigation District lands above defendants' lands.

The cutting off of the waters of Mariposa Creek from the channel of the slough did not destroy the character of the channel as a natural channel or watercourse (*Cederburg* v. *Dutra*, 3 Cal.App. 572, 575 [86 P. 838]; *Smith* v. *City of Los Angeles*, 66 Cal.App.2d 562, 578-579 [153 P.2d 69]); and, under section 1201 of the Water Code, "All water flowing in any natural channel, excepting so far as it has been or is being applied to useful and beneficial purposes upon, or in so far as it is or may be reasonably needed for useful and beneficial purposes upon lands riparian thereto, or otherwise appropriated, is hereby declared to be public water of the State and subject to appropriation in accordance with the provisions of this code."

Appellants urge that regardless of section 1201 the waters in the slough are foreign waters, and, as such, are not appropriable; that they are not surface waters, within the meaning of section 1200 of the Water Code, because "surface water" as there used means water from rains, snows or springs which flow on the surface of the earth. Section 1200 reads: "Whenever the terms stream, lake or other body of water, or water occurs in relation to applications to appropriate water or permits or licenses issued pursuant to such appropriations, such term refers only to surface water, and to subterranean streams flowing through known and definite channels."

We conclude that such language includes the foreign waters flowing in the slough from the Merced Irrigation District lands. In *Bloss* v. *Rahilly*, 16 Cal.2d 70, 74 [104 P.2d 1049], in which case one of the present plaintiffs was a party defendant, our Supreme Court upheld the rights of an appropriator to similar foreign water, saying that it is "settled in this jurisdiction that so-called foreign waters are subject to appropriation." It quoted from *Crane* v. *Stevinson*, 5 Cal.2d 387, 394 [54 P.2d 1100], as follows:

". . . In view of the later definition of state policy in relation to the conservation and use of water, as expressed in the Water Commission Act, and in the recent constitutional

amendment (art. XIV, sec. 3) on that subject, there should remain no present doubt that the so-called foreign waters are now subject to appropriation under the laws of this state. The fact that where such waters have been brought into a stream as the result of abandonment by another appropriator there is no way to compel him to continue such abandonment, necessarily affects the value of the subsequent appropriation right, but does not affect the existence of the right, subject to the limitation caused by the nature of the water supply in question.''

And in that case plaintiff Bloss' rights as an appropriator were quieted as against defendants.

■ It appears from the record that on March 30, 1948, appellants and the district entered into a contract whereby the district sold to them the right to use any surplus water which the district might, during the irrigation season of that year, spill into the Fessler drain which connects with the slough above the lands of the parties to this action. This contract had terminated before the trial herein. The district did not obligate itself to furnish any specific quantity of water to defendants and scrupulously avoided any promise that there would be any such surplus water available. This agreement did not in any degree affect the appropriative rights of respondents, for those rights were always subject to the right of the district to sell and otherwise dispose of its 'surplus water before it should have abandoned the same; but the district might abandon its surplus water as it spilled into the slough and if and when it did so the same would, as between the parties hereto, come under the appropriative rights of respondents; or the district might, before such abandonment, make lawful disposition of the same. The appropriative rights of respondents are not infringed by such acts of the district for such rights were at all times subject to the contingency that the supply of water available for the lower appropriator might be intermittent and might be even terminated entirely at the will of the district. (*Stevens* v. *Oakdale Irr. Dist.*, 13 Cal.2d 343, 348 [90 P.2d 58].)

Appellants next contend that they have prior and paramount rights over the appropriative rights of the respondents by reason of adverse use of the water in the slough for more than five years prior to the issuance of the permits. The trial court found against this contention and this holding must be sustained, since the evidence falls far short of proving prescriptive rights.

Finally, it is contended by appellants that the judgments rendered are too broad in that they give the respondents a right to appropriate a specific amount of water but do not limit that right to the water that the district shall abandon. This contention likewise is unsound. To begin with, the respondents are simply declared by the judgments to have prior and paramount right over appellants to appropriate water flowing in the channel of Middle Slough to the extent set forth in their permits. It was not necessary to place any other limit upon respondents' rights. Whatever the source of the water flowing in the slough, and the evidence discloses that there is some water that does not come from the district's spillway, it does not come within respondents' permits unless the same is appropriable. If it is, then the judgments simply declare that as between respondents and appellants the former have the prior and paramount right thereto within the permit limits. Throughout the judgments the trial court appears to have carefully so limited its decrees. Thus, after declaring the rights of respondents, the judgments declare that as to any of the injunctive restraints placed upon the defendants they are only intended to protect the respondents as to the amount of water to which they have been adjudged to be entitled; and the restraints embodied are expressly limited to the diverting or taking of water to which the respondents are entitled. Within these limits only are the appellants restrained.

The judgments are affirmed.

Peek, J., and Sparks, J. pro tem., concurred.